IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| LEONARDO JOHNSON | * | |
| Plaintiff, | * | |
| v. | * | 3:10-CV-50-ID |
| | | (WO) |
| OPELIKA POLICE DEPT., *et al*., | * | |
| Defendants. | * | |

_____

**ORDER ON MOTION**

Plaintiff has filed a motion to amend complaint. Upon review of the motion, the court finds that it simply repeats the allegations and relief requested in the original and amended complaints (*Doc. Nos. 1, 10*) with the exception of an allegation that Plaintiff was subjected to malicious prosecution after an Opelika City Judge found him guilty of resisting arrest in January 2010. Upon consideration of Plaintiff's motion to amend complaint to add a claim of malicious prosecution, the court finds that the motion is due to be denied.

"To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures [and] the elements of the common law tort of malicious prosecution." *Wood v. Kesler,* 323 F.3d 872, 881 (11th Cir. 2003) (emphasis omitted); *Kingsland v. City of Miami,* 382 F.3d 1220, 1236 (11th Cir. 2004). One of the common law elements that "a plaintiff must allege and prove [is] that the criminal proceeding that gives rise to the action has terminated in favor of

the accused." *Uboh v. Reno,* 141 F.3d 1000, 1004 (11th Cir. 1998) (citing *Kelly v. Serna,* 87 F.3d 1235, 1240-41 (11th Cir. 1996); *Heck v. Humphrey,* 512 U.S. 477, 484 (1994)).

Plaintiff alleges in his complaint that he was charged with resisting arrest in July 2009 after an encounter with law enforcement officials from the Opelika Police Department. Plaintiff states that on January 6, 2010 an Opelika City Judge found him guilty of the charge. Plaintiff does not indicate that his conviction has been reversed on appeal or that it has been overturned through a habeas corpus action or by any other means.

Even assuming, *arguendo,* that Plaintiff may be able to demonstrate a Fourth Amendment violation for false arrest, any malicious prosecution claim arising from his prosecution and conviction for violating the state law with which he was charged is clearly barred as Plaintiff has not shown that this criminal proceeding terminated in his favor. Plaintiff, therefore, has failed to state a claim for malicious prosecution.

Accordingly, it is ORDERED that the motion to amend complaint to allege a claim for malicious prosecution (*Doc No. 14*) be and is hereby DENIED.

Done, this 10th day of March 2010.

                                       /s/ Charles S. Coody  
                                       CHARLES S. COODY  
                                       UNITED STATES MAGISTRATE JUDGE